IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD C. BUTLER,**

    **Plaintiff,**

    v.                                    **CASE NO. 19-3214-SAC**

**STATE OF KANSAS, et al.,**

    **Defendants.**

**O R D E R**

    This matter is a pro se civil rights complaint, which was dismissed on April 28, 2020 due to Plaintiff's failure to pay the initial partial filing fee. Plaintiff filed a Notice of Appeal on July 10, 2020. The Tenth Circuit issued an order on October 8, 2020, remanding the case to this Court for the limited purpose of considering whether either of two post-dismissal motions filed by Plaintiff (ECF No. 12 or ECF No. 14) should be construed as a motion to reopen the time to file an appeal and, if so, whether such relief is warranted. In addition, Plaintiff has filed two other motions, which are also addressed below.

*Motion to Object to Order (ECF No. 12)*

    In this motion, Plaintiff alleges he filed this case in January and did not receive any mail from the Court, other than the case opening notice, until July 2, 2020, when he received the order dismissing the case. He further states he paid his fee in a state court case and would have paid his fee here if he had received his mail.

    Plaintiff actually filed this case in October of 2019, and the Court issued an order on November 20, 2019 granting him in forma pauperis status and assessing an initial partial filing fee

1

of $15.00. *See* ECF No. 3. Plaintiff clearly received the order and was aware of the fee assessment because he filed a motion for an extension of time to pay the initial fee on December 2, 2019. *See* ECF No. 4. The Court did not dismiss his case until April 28, 2020.

Plaintiff's case was dismissed without prejudice. "[D]ismissal without prejudice means that Plaintiff may, if appropriate, file a new case addressing the issues raised in his prior dismissed case." *Stine v. Wiley*, No. 06-cv-02105-WYD-KLM, 2010 WL 3516634, at *1 (D. Colo. Aug. 10, 2010). It does not mean Plaintiff can reopen the present case. *Id.; see also Burnside v. Allergan PLC*, No. 19-CV-01054-KMT, 2020 WL 1452272, at *1 (D. Colo. Mar. 25, 2020).

If Plaintiff's motions are instead construed as seeking relief from judgment under Fed. R. Civ. P. 60(b), he fails to show any of the circumstances warranting relief under that rule. The circumstances are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir. 1991). Plaintiff does not offer any explanation for why he failed to either pay the partial fee or request a waiver of the fee. He does not present any exceptional circumstances warranting relief from the judgment in this case. To the extent Plaintiff is requesting his case in this Court be reopened, his motion is denied.

*Motion for Extension of Time and Motion for Reconsideration (ECF No. 14) & Motion to Reopen Case (ECF No. 17)*

In these motions, Plaintiff alleges the delay in receiving the Court's order dismissing his case caused him to file his appeal out of time and led to the dismissal of his appeal. He asks the Court to reconsider the order dismissing his case.

It appears Plaintiff is asking for reconsideration of the dismissal of his appeal. However, to the extent he is requesting reconsideration of the dismissal of his case here, the motions are denied for the reasons stated above.

The Tenth Circuit asked the Court to consider whether either ECF No. 14 or ECF No. 12 should be construed as a motion to reopen the time to file an appeal. A district court may reopen the time to file an appeal of a judgment when a party has not received notice of the entry of a judgment if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." *See* Fed. R. App. P. 4(a)(6)(B). However, in the absence of a motion asking the Court to reopen the filing period, this Court lacks authority to do so.

Judgment was entered in this case on April 28, 2020. Plaintiff asserts he did not receive notice of the judgment until July 2, 2020. This is the operative date since it is earlier than 180 days after the judgment was entered. Neither ECF No. 12 nor ECF No. 14 were filed within 14 days of Plaintiff's receipt of notice, and neither ask the Court to reopen the time to file an appeal. Consequently, the Court declines to construe either as a motion to reopen the time to appeal.

However, Mr. Butler also filed a motion (docketed as an objection) with his Notice of Appeal on July 10, 2020, objecting to the judgment, explaining he had just received notice of the Judgment, and "respectfully ask[ing] for the Court to appeal this Dismiss." *See* Motion to Object

3

to Judgment in a Civil Case of Dismiss, ECF No. 8. This motion was filed within 14 days of Plaintiff's receipt of notice of the judgment and asks the Court to allow his appeal even though it was filed out of time. In consideration of Mr. Butler's pro se status, the Court construes ECF No. 8 as a timely motion to reopen the time to file an appeal under Fed. R. App. P. 4(a)(6).

The final requirement under Rule 4(a)(6) is a finding that no party would be prejudiced by reopening the time to appeal. Fed. R. App. P. 4(a)(6). In this case, where the defendants were not even served, the Court finds no prejudice. Therefore, the Court grants Plaintiff's motion to reopen the time to file an appeal.

*Motion for Leave to Appeal In Forma Pauperis (ECF No. 13)*

Plaintiff was granted leave to proceed in forma pauperis at the commencement of the action (ECF No. 3), and the Court grants leave to proceed in that same status on appeal. *See* Fed. R. App. P. 24(a)(3).

**IT IS THEREFORE ORDERED** that ECF No. 8 is construed as a Motion to Reopen the Time to File an Appeal and is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (ECF No. 12), Motion for Extension of Time and Motion for Reconsideration (ECF No. 14), and Motion to Reopen Case (ECF No. 17) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Appeal In Forma Pauperis (ECF No. 13) is **granted**.

**IT IS SO ORDERED**.

5

**Dated on this 22ⁿᵈ day of October, 2020, in Topeka, Kansas.**

                                         **s/ Sam A. Crow**
                                         **SAM A. CROW**
                                         **U. S. Senior District Judge**